UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------------x

WALEED SALAMA

                          Plaintiff,

            -against-

CITY OF NEW YORK; and individually and in their
official capacity as New York City Police Officer
ANTHONY GUIDO, Sergeant PAUL CICCARELLO,
and Police Officers JOHN DOE(s)

                          Defendants.

-----------------------------------------------------------------------x

**COMPLAINT AND DEMAND FOR JURY TRIAL**

13 CV 9006

JUDGE CASTEL

Plaintiff Waleed Salama, by his attorney, the Urban Justice Center, complaining of defendants, respectfully alleges as follows:

## PRELIMINARY STATEMENT

1. Plaintiff brings this action for compensatory damages, punitive damages, and attorneys' fees pursuant to 42 USC §§ 1983 and 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitutions and laws of the United States and the State of New York.

## JURISDICTION

2. This action is brought pursuant to 42 USC §§ 1983 and 1988 of the Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution and the laws of the State of New York.

3. Jurisdiction is founded upon 28 USC §§ 1331, 1343 and 2202.

## VENUE

1

4. Venue is properly laid in the Southern District of New York under 28 USC § 1391(b) because the events giving rise to those claims occurred and arose in this district.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed R. Civ. P. 38(b).

## PARTIES

6. Plaintiff Waleed Salama is a 45 year-old resident of Brooklyn, New York, and a licensed New York City mobile food vendor.

7. Defendant City of New York is a municipal entity created and authorized under the laws of the State of New York.

8. Defendant Police Officer Anthony Guido is sued in his individual and official capacity. He was at all times relevant to this action a police officer employed by the City of New York, acting within the scope of his employment and under color of state law, to wit, under the color of the statutes, ordinances, regulations, policies, customs and usages of the State of New York and/or the City of New York.

9. Defendant Sergeant Paul Ciccarello is sued in his individual and official capacity. He was at all times relevant to this action a police officer employed by the City of New York, acting within the scope of his employment and under color of state law, to wit, under the color of the statutes, ordinances, regulations, policies, customs and usages of the State of New York and/or the City of New York.

10. Defendant Police Officers John Doe(s) are sued in their individual and official capacity as New York City police officers and acted within the scope of their employment and

under color of state law, to wit, under the color of the statutes, ordinances, regulations, policies, customs and usages of the State of New York and/or the City of New York.

## FACTUAL AND GENERAL ALLEGATIONS

11. Plaintiff is a licensed mobile food vendor who sells hot dogs, shish kebabs, sausages, pretzels and sodas on 46th street between Broadway and 8th Avenue in New York. Plaintiff has been vending in Manhattan for thirteen years. He came to the United States from Egypt 15 years ago and lives in Brooklyn, New York.

12. Plaintiff vends in a legal vending location in compliance with all regulations applicable to New York City mobile food vendors. He has been vending from his food cart at the northeast corner of 46th Street and 8th Avenue in Manhattan for 8 years.

13. On July 17, 2012 at approximately 10:30 AM Officer Guido, Sergeant Ciccarello and Officer John Doe ("the Defendant Officers") arrived in a white police van at 46th Street and 8th Avenue while Plaintiff's employee, Ayad Youssef, was working on the cart. The cart was located on 46th Street between 7th and 8th Avenues in a legal vending location. Defendant officers first entered a Samsung store located on the northeast corner of 46th Street and 8th Avenue. Upon exiting the store, Defendant officers used a tape measure to measure the distance from the location of Plaintiff's pushcart to the entrance of the Samsung store and found the distance to be greater than twenty feet, in compliance with the applicable vending regulation. Defendant officers told Plaintiff's employee that he would have to leave the vending location at 2 PM. Defendant officers departed from the location in the white police van.

14. At approximately 12:30 PM Plaintiff arrived at the vending location to meet his employee. At approximately 2 PM Defendant officers returned to Plaintiff's vending location. Plaintiff's employee stepped away from the cart and Plaintiff stepped up to the cart. One

3

Defendant officer said to Plaintiff's employee "Didn't I tell you to leave at 2?" Plaintiff's employee responded by indicating that Plaintiff was now working on the food cart. Defendant Ciccarello took hold of Plaintiff's employee's arm and forced him to step up to the cart. Plaintiff's employee said "Please don't touch me." Defendant Ciccarello then demanded Plaintiff's mobile food vendor's license. While Plaintiff gave Defendant Ciccarello his license he instructed his employee to find a camera. Defendant Ciccarello returned to the white police van with Plaintiff's license. Plaintiff's employee left briefly and returned to the vending location with a bystander's camera phone.

15. Defendant Guido and Defendant John Doe took the umbrella down from Plaintiff's pushcart and moved the cart from 46th Street to 8th Avenue. Plaintiff's employee filmed the Defendant officers moving the cart.

16. Defendant Ciccarello turned on the siren of the police van, stepped out and told Defendant Guido and Defendant John Doe to arrest Plaintiff and Plaintiff's employee. Plaintiff's employee handed the camera phone to Plaintiff, was handcuffed and placed in the police van. Plaintiff used his personal phone to call 911 while he attempted to return the camera phone to the bystander.

17. Defendant Ciccarello pushed Plaintiff onto the pavement and put his knees on Plaintiff's back. Defendant Guido pushed his knee into Plaintiff's face and grabbed Plaintiff's hands and handcuffed him, causing Plaintiff pain and suffering. While Defendant Cicarello pried the bystander's camera phone from Plaintiff's hands Defendant John Doe placed his foot on Plaintiff's neck, causing Plaintiff pain and suffering. The Defendant Officers remained on top of the handcuffed Plaintiff for approximately 3 minutes, causing Plaintiff pain and suffering.

Plaintiff cried out that he needed an ambulance because he was having trouble breathing. Officer John Doe pushed Plaintiff into the police van.

18. While Plaintiff and Plaintiff's employee were in the police van they observed Defendant Guido handle the camera phone. Defendant Guido told Defendant Ciccarello that he did not know how to delete the pictures on the camera phone. Defendant Ciccarello told Defendant Guido to "keep the phone…don't give it back to [the bystander]."

19. Plaintiff's mobile food cart was confiscated and taken to the Midtown North Precinct. Contents of Plaintiff's cart including food and beverages were never recovered.

20. An Emergency Medical Technician then took Plaintiff from the van to an ambulance. Plaintiff went to the Roosevelt Hospital Emergency Department where he stayed for approximately 3 hours. Plaintiff was diagnosed with weakness and hypertension and given a prescription for medication. At approximately 7 PM Plaintiff was discharged from the hospital and taken to the Midtown North Precinct.

21. At approximately 8:15 PM Defendant Guido served a notice of violation upon Plaintiff for an alleged violation of §17-315 (k/l) of the Administrative Code of the City of New York. Section 17-315 (k/l) prohibits vending on 46th Street between Broadway and 8th Avenue from 7 PM to 11 PM on Tuesdays, the day of the arrest. Defendant Guido wrote that the offense occurred at 8:05 PM, knowing that Plaintiff had been arrested at approximately 2:30 PM, more than 5 hours beforehand, at a time when food vending on 46th Street between 7th and 8th Avenues was not restricted. The notice of violation was later dismissed.

22. While in custody at the Midtown North Precinct Plaintiff repeatedly asked Defendant Guido if he could use the bathroom. Defendant Guido refused Plaintiff's requests.

23.     While in custody at the Midtown North Precinct Plaintiff repeatedly asked Defendant Guido for food and water. Defendant Guido refused Plaintiff's requests.

24.     Plaintiff was charged with Resisting Arrest and Obstructing Government Administration and went before a judge on the following day, July 18, 2012 at approximately 6 PM. He pleaded not guilty and was told to return to criminal court on September 12, 2012. The criminal charges against Plaintiff were later dismissed.

25.     Plaintiff was not obstructing, impairing, or preventing the administration of any law or other governmental function. Plaintiff did not prevent or attempt to prevent any public servant from performing an official function, by means of intimidation, physical force or interference, or by means of any independently unlawful act.

26.     Plaintiff was not resisting arrest. Plaintiff was not intentionally preventing or attempting to prevent a police officer or peace officer from effecting an authorized arrest of himself or another person.

27.     Defendant police officers arrested Plaintiff without probable cause.

28.     Plaintiff was held in custody for approximately twenty-seven hours. Plaintiff incurred medical costs because of Defendants use of excessive force with regard to his arrest on July 17, 2012 and therefore suffered economic loss.

29.     The Defendant Officers knew or should have known that they had no right to arrest Plaintiff or seize his pushcart or remove or destroy its contents.

30.     The Defendant Officers knew or should have known that they had no right to use unreasonable force against Plaintiff.

31.     The arrest of Plaintiff, the seizure and destruction of his property, and the use of excessive force was performed under color of law, within the scope of the Defendant Officers

employment and authority, and for whose acts the Defendant City is liable under the theory of *respondeat superior*.

32. The arrest of Plaintiff, the seizure and destruction of his property, and the use of excessive force violated clearly established rights under the Fourth, Fifth, Eighth, and Fourteenth Amendments of the U.S. Constitution, and was the direct and proximate cause of his damages.

33. The actions of the Defendant Officers were intentional, malicious, and in bad faith, thus giving rise to punitive damages.

## DAMAGES

34. As a direct and proximate cause of the said acts of Defendants, Plaintiff suffered the following injuries and damages:

   a. Violation of his rights under the Fourth, Fifth, Eighth, and Fourteenth Amendment of the U.S. Constitution; and

   b. economic damages including loss of property and medical expenses.

## CAUSES OF ACTION

### COUNT I – 42 USC § 1983 – UNREASONABLE SEIZURE

35. Plaintiff repeats and realleges the allegations contained in the preceding paragraphs as if set forth in full.

36. By their conduct, under color of law, defendants deprived Plaintiff of his constitutional right to be free from unreasonable searches and seizures by seizing his pushcart and discarding its contents.

### COUNT II – 42 USC § 1983 – UNLAWFUL ARREST

37. Plaintiff repeats and realleges the allegations contained in the preceding paragraphs as if set forth in full.

38. Defendant Officers unlawfully arrested Plaintiff, intended to confine him, and confined him without probable cause to believe that Plaintiff had committed any offense or violated the law.

39. Plaintiff was aware of his confinement as he was placed in a holding cell on July 17, 2012 at 9:00 P.M. until 9:00 A.M. on July 18, 2012 and transferred to a jail cell from 9:00 A.M to 6:00 P.M. on July 18, 2012 without his consent or any reasonable justification.

COUNT III – 42 USC § 1983 – PROCEDURAL DUE PROCESS

40. Plaintiff repeats and realleges the allegations contained in the preceding paragraphs as if set forth in full.

41. By their conduct, under color of law, defendants deprived Plaintiff of his property without due process of law.

COUNT IV – 42 USC § 1983 – SUBSTANTIVE DUE PROCESS

42. Plaintiff repeats and realleges the allegations contained in the preceding paragraphs as if set forth in full.

43. By their conduct, under color of law, defendants denied Plaintiff his right to due process by depriving him of his property and arresting him for arbitrary or irrational reasons.

44. By their conduct, under color of law, Defendants violated Plaintiff's Fourteenth Amendment right to be free of punishment as a detainee. Defendants denied Plaintiff access to the basic human needs of food and hygiene. Such deprivation was not reasonably related to a legitimate, nonpunitive government goal.

COUNT V – 42 USC § 1983 – UNREASONABLE FORCE

45. Plaintiff repeats and realleges the allegations contained in all preceding paragraphs as if set forth in full.

46. By their conduct, under color of law, Defendants violated Plaintiff's Fourth Amendment right to be free from the use of force that is unconstitutionally excessive.

47. Plaintiff was subject to a seizure within the meaning of the Fourth Amendment when he was arrested by Defendants Cicarella, Guido and John Doe(s) and Jane Doe(s).

48. Defendant Officers applied unreasonable force during the arrest of Plaintiff.

### COUNT VII – 42 USC § 1983 – MONELL CLAIM

49. Plaintiff repeats and realleges the allegations contained in the preceding paragraphs as if set forth in full.

50. New York City has maintained policies and customs exhibiting deliberate indifference to the constitutional rights of licensed street vendors selling at lawful locations, which caused the violation of Plaintiff's rights.

51. It was the policy and custom of the City to train, supervise and discipline officers, including the defendant officers, inadequately with respect to the rights of licensed street vendors selling at lawful locations, thereby causing the Defendants in this case to engage in the unlawful conduct described above.

52. As a direct and proximate cause of the City's deliberate indifference, Defendants violated Plaintiff's constitutional rights for which he suffered damages.

WHEREFORE, plaintiff requests the following relief jointly and severally as against all the defendants:

1. Award compensatory damages in an amount to be determined at trial;
2. Award punitive damages in an amount to be determined at trial;
3. Disbursements, costs, and attorneys' fees; and
4. For such other and further relief as this Court may seem deem just and proper.

Dated:     New York, New York
           December 19, 2013

Respectfully submitted,

_____
SEAN BASINSKI / SB3597
Urban Justice Center
*Attorneys for Plaintiff*
123 William Street, 16th Floor
New York, NY 10038
(646) 602-5679 phone
(212) 533-4598 fax
