UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
WALEED SALAMA,

                         Plaintiff,                    13-cv-9006 (PKC)

         -against-                         MEMORANDUM
                                                          AND ORDER

CITY OF NEW YORK, POLICE OFFICER
ANTHONY GUIDO, SERGEANT PAUL
CICCARELLO, and SERGEANT PATRICK
DONNELLY,

                        Defendants.
-----------------------------------------------------------x

CASTEL, U.S.D.J.

               This case arises out of the arrest of plaintiff Waleed Salama, a food cart operator in New York City, on July 17, 2012.  Salama brought this action on December 19, 2013, asserting six causes of action under 42 U.S.C. § 1983, and alleging that the police officer defendants lacked probable cause to arrest him and used excessive force.  (Dkt. No. 1.)  On February 17, 2015, the defendants transmitted to Salama a Rule 68 Offer of Judgment of $30,001, plus reasonable attorneys' fees, expenses and costs.  Salama accepted the offer, and judgment was entered on April 15, 2015.  (Dkt. No. 29.)  Salama now moves for an award of attorney's fees in the amount of $79,278.50, plus $463.23 in expenses and costs.

               Salama was represented in this case by two sets of attorneys.  The Urban Justice Center ("UJC") represented Salama at the time of his arrest.  UJC lawyers drafted a preservation letter notifying the City of New York of its duty to preserve electronic evidence of the arrest, drafted a complaint and an amended complaint, prepared and served initial disclosures and discovery requests, attended a pretrial conference, and participated in court-ordered mediation.

In November 2014, Covington & Burling LLP ("Covington") began representing Salama, and lawyers of the firm filed Notices of Appearance in December 2014.  (Dkt. Nos. 23–25.) Covington secured a three-month extension of discovery and pretrial deadlines, prepared and served deposition notices, including a Rule 30(b)(6) notice relating to the defendants' possible failure to preserve the electronic evidence, and drafted a stipulation in which the plaintiff proposed that the defendants admit to the spoliation of electronic evidence.  No depositions were in fact conducted by the Covington firm and no motions filed, other than the present motion.

UJC seeks $30,168 in attorney's fees (and $400 in costs), reflecting lawyer billing rates ranging from $275 to $400 per hour and law student intern rates of $100 per hour. Covington seeks $49,110.50 in fees (and $60.23 in expenses), reflecting lawyer billing rates ranging from $360 to $860 per hour and rates for managing attorney's office staff ranging from $170 to $180 per hour.

**Reasonable Hourly Rates**

A court evaluating a request for reasonable attorney's fees must base its award on a "reasonable hourly rate," i.e., "the rate a paying client would be willing to pay."  Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cty. of Albany, 522 F.3d 182, 190 (2d Cir. 2008). "A reasonable hourly rate is a rate 'in line with prevailing rates in the community for similar services by lawyers of reasonably comparable skill expertise and reputation.'"  McDonald ex rel. Prendergast v. Pension Plan of the NYSA-ILA Pension Tr. Fund, 450 F.3d 91, 96 (2d Cir. 2006) (alterations omitted) (quoting Blum v. Stenson, 465 U.S. 886, 895 n.11 (1984)).  The relevant "community" is the district in which the court sits, unless "it is clear that a reasonable, paying client would have paid" out-of-district rates.  Arbor Hill, 522 F.3d at 191.

Rates found reasonable by courts in this District for experienced civil rights attorneys appear to cluster in the $350–450 per hour range.  See, e.g., Echevarria v. Insight Med., P.C., No. 13 Civ. 3710(KPF), 2015 WL 1931284, at *4 (S.D.N.Y. Apr. 29, 2015) (finding $375 per hour reasonable for a civil rights lawyer with six years' experience); Munoz v. Manhattan Club Timeshare Ass'n, Inc., No. 11-CV-7037(JPO), 2014 WL 4652481, at *4 (S.D.N.Y. Sept. 18, 2014) (finding $400 per hour reasonable for an experienced civil rights attorney with almost twenty years in practice); Finch v. N.Y. State Office of Children & Family Servs., 861 F. Supp. 2d 145, 154–55 (S.D.N.Y. 2012) (finding $450 per hour reasonable for an attorney with forty-two years' experience, and observing that "[r]ates of $550 per hour or more are reserved for extraordinary attorneys held in unusually high regard by the legal community").  But see Abdell v. City of N.Y., No. 05-CV-8453(RJS), 2015 WL 898974, at *3 (S.D.N.Y. Mar. 2, 2015) (finding $650 per hour reasonable for lead counsel in a particularly complex civil rights action that lasted "the better part of a decade"); Ognibene v. Parkes, No. 08-CV-1335-LTS-FM, 2014 WL 3610947, at *3 (S.D.N.Y. July 22, 2014) (finding rates of $575 and $525 reasonable for partners with over twenty years of experience).  Rates for junior associates are typically in the $150–200 per hour range.  Black v. Nunwood, Inc., No. 1:13-cv-7207-GHW, 2015 WL 1958917, at *6 (S.D.N.Y. Apr. 30, 2015) (stating that "courts have typically awarded rates in the range of $175–200 to associates with three years' experience," and awarding rates of $150 for associates with less than one year's experience); Spencer v. City of N.Y., No. 06 Civ. 2852(KMW), 2013 WL 6008240, at *6 (S.D.N.Y. Nov. 13, 2013) (finding $200 per hour reasonable for a lawyer who worked on the case as a second- and third-year associate); Anthony v. Franklin First Fin., Ltd., 844 F. Supp. 2d 504, 508 (S.D.N.Y. 2012) (finding $175 per hour

reasonable for a lawyer who graduated from law school the same year the complaint was filed, and part of whose work on the case was as a law clerk).

In light of this case law, this Court concludes that the rates of $400 and $325 requested by UJC for Sean Basinski and Matthew Shapiro respectively are reasonable. Both attorneys have special expertise representing street vendors. Mr. Basinski has fourteen years' experience in practice, and is the founder of UJC's Street Vendor Project, which now has seven staff members and nearly 2,000 vendors who are members. He has lectured and written on the rights of street vendors, and has represented dozens of street vendors in federal civil rights litigation. Mr. Shapiro had five years' experience when he undertook the bulk of his work on this case, in 2014. For Archana Dittakavi, who had less than three years' experience when she worked on this case, the Court finds that a rate of $200 per hour is appropriate (rather than the requested $275). The requested rate—$100 per hour—for the three legal interns is also reasonable. See, e.g., M.C. ex rel. E.C. v. Dep't of Educ. of City of N.Y., No. 12 Civ. 9281(CM)(AJP), 2013 WL 2403485, at *7–8 (S.D.N.Y. June 4, 2013) (approving a rate of $125 for law student interns), adopted, 2013 WL 3744066 (S.D.N.Y. June 28, 2013).

Covington seeks to recover fees at the following rates: $825–860 per hour for Andrew D. Schau, who has over thirty years' legal experience but does not appear to have any special civil rights or street vendor expertise; $720 per hour for Michael C. Nicholson, who has over twenty-five years' legal experience, but whose expertise is in "complex procedural issues" rather than in civil rights litigation (Schau Decl. ¶ 21); $635–675 per hour for Jennifer O. Farina, a senior associate with nine years' legal experience at the time of her work on this case, but who has not presented any evidence of experience in civil rights cases similar to this one; and $360–455 per hour for Shailee Diwanji Sharma, who graduated from law school in 2013 and joined

Covington in 2014 following a judicial clerkship.  In light of the case law cited above, the Court

finds that the following rates are reasonable for the Covington attorneys: $450 for Mr. Schau,

$425 for Mr. Nicholson, $350 for Ms. Farina, and $175 for Ms. Sharma.  Covington also seeks to

recover fees at $170–180 per hour for the work of employees of Covington's managing

attorney's office.  There is no indication of whether these individuals are attorneys, paralegals,

law students or otherwise.  Accordingly, the Court adjusts their billing rates to reflect that

customarily awarded for paralegals.  See Gateway Bank, F.S.B. v. Ideal Mortg. Bankers, Ltd.,

No. CV 10-334(JS)(ETB), 2010 WL 3199746, at *4 (E.D.N.Y. June 8, 2010).  In this district,

that rate is $75.  See, e.g., Black, 2015 WL 1958917, at *6.


**Compensable Time**

The defendants challenge the inclusion of UJC attorney hours spent assisting

Salama in his criminal matter in the weeks following his arrest.  UJC represented Salama at the

time of his arrest, and UJC's billing records include time spent meeting with Salama at the

precinct and after his release, appearing in court in connection with the summons received by

Salama, and interviewing witnesses at the scene of the arrest.  The Court agrees that this work is

not properly compensable, notwithstanding the fact that it was later found useful in this matter.

The UJC billing records show no activity on any Salama-related matters between August 10,

2012 (less than a month after Salama's arrest), and June 2013.  UJC has not demonstrated that

any of the pre–August 10, 2012 work was not primarily for use in Salama's criminal matter.  The

complaint does not state, nor does UJC argue, that Salama's criminal charges were dropped at an

earlier date, for instance.  Accordingly, the Court will exclude UJC time entries from before

August 10, 2010, and will subtract 21.4 hours from Mr. Basinski's time and 3.8 hours from Mr. Shapiro's time.

        The defendants also challenge the inclusion of time spent obtaining Ms. Sharma's admission to the bar of this Court.  This time is also properly excluded.  Accordingly, the Court will subtract 1.8 hours from Ms. Sharma's time, which reflects the time she spent researching and preparing her application for admission.  (Sharma Decl. ¶ 3.)  The Court will also subtract the 0.5 hours spent by Alexander Still, of Covington's managing attorney's office, obtaining Ms. Sharma's certificate of good standing.  (Schau Decl. Ex. 6, at 6.)

        Next, the defendants challenge the inclusion of time spent negotiating and drafting UJC and Covington's co-counsel agreement.  Reasonable time expended on those tasks is properly compensable.  See G.B. ex rel. N.B. v. Tuxedo Union Free School Dist., 894 F. Supp. 2d 415, 437–38 (S.D.N.Y. 2012) (2.2 hours spent drafting and revising co-counsel agreement were compensable); Simmonds v. N.Y.C. Dep't of Corr., No. 06 Civ. 5298(NRB), 2008 WL 4303474, at *9 (S.D.N.Y. Sept. 16, 2008) (3 hours spent reasonably attempting to obtain co-counsel were compensable).  But see Kim v. Kum Gang, Inc., No. 12 Civ. 6344(MHD), 2015 WL 3536593, at *5 (S.D.N.Y. June 5, 2015) (11.6 hours attributable to "co-counsel agreement" were not compensable).  However, the amount of time Ms. Sharma spent on them—10.7 hours (Sharma Decl. ¶ 2)—is greater than reasonable, and the Court will subtract 5.7 hours from Ms. Sharma's time for these tasks.

        Finally, the defendants request a 25% across-the-board reduction in the fee award based on what they describe as "sparse . . . detail" in the UJC's billing records and block billing in Covington's.  The Court finds that the level of detail in the UJC's billing records is adequate.  Ms. Sharma's time records do contain entries that group together several activities (see, e.g.,

Schau Decl. Ex. 6, at 5 (containing an entry for 5.6 hours that reads "Waleed Salama matter. Modify engagement letter and co-counseling agreement per Alan Permberton.  Discuss same with Allison Harris.  Review discovery to date.  Prepare for client meeting with Andy Schau and Jen Farina.  Meet with client, Matt Shapiro, and interpreter.")), but such timekeeping methods are "not automatically disfavored by courts in this district." Adusumelli v. Steiner, No. 08 Civ. 6932(JMF), 2013 WL 1285260, at *4 (S.D.N.Y. Mar. 28, 2013) (quoting Hnot v. Willis Grp. Holdings Ltd., No. 01 Civ. 6558(GEL), 2008 WL 1166309, at *6 (S.D.N.Y. Apr. 7, 2008)). "[C]ourts have generally limited across-the-board reductions to situations 'where there was evidence that the hours billed were independently unreasonable or that the block-billing was mixing together tasks that were not all compensable, or not all compensable at the same rate.'" Id. (quoting Hnot, 2008 WL 1166309, at *6).  Here, Ms. Sharma has submitted a declaration specifying the time she spent on the tasks the defendants challenge as non-compensable: the preparation of the co-counsel agreement and her admission to the bar of this Court.  There is thus no further need to impose an across-the-board reduction.


**Conclusion**

For the reasons discussed above, the plaintiff's motion for attorney's fees and costs is GRANTED in part and DENIED in part.  The plaintiff is awarded $41,292.50 in attorney's fees, as shown in the table below, plus $463.23 in expenses and costs.

| Attorney | Hours | Rate ($ per hour) | Total ($) |
|---|---|---|---|
| S. Basinski | 8.5 | 400 | 3,400.00 |
| M. Shapiro | 40 | 325 | 13,000.00 |
| A. Dittakavi | 11.9 | 200 | 2,380.00 |
| UJC Interns | 7 | 100 | 700.00 |
| *UJC Total* | *67.4* | | *19,480.00* |

| | | | |
|---|---|---|---|
| A. Schau | 18 | 450 | 8,100.00 |
| M. Nicholson | 1 | 425 | 425.00 |
| J. Farina | 6.1 | 350 | 2,135.00 |
| S. Sharma | 63.3 | 175 | 11,077.50 |
| MAO | 1 | 75 | 75.00 |
| *Covington Total* | *89.4* | | *21,812.50* |
| | | | |
| **Grand Total** | **156.8** | | **41,292.50** |

SO ORDERED.

P. Kevin Castel
United States District Judge

Dated: New York, New York
       July 8, 2015